IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

KATINA RIGGS-DEGRAFTENREED                                                        PLAINTIFFS
and REGINALD DEGRAFTENREED

VS.                              CASE NO. 4:10CV1993JMM

WELLS FARGO HOME MORTGAGE, INC.,                                              DEFENDANTS
WELLS FARGO BANK, N.A.
and WILSON & ASSOCIATES, P.L.L.C.

# ORDER

Pending before the Court are Defendants Wells Fargo Home Mortgage, Inc.'s and Wells Fargo Bank, N.A.'s ("Wells Fargo") Motions to Dismiss (#6) and (#22), separate Defendant Wilson & Associates, P.L.L.C.'s ("Wilson") Motion to Dismiss (#17), and Plaintiffs' Motion to Amend (#24).

For the reasons stated below, the Defendants' Motions to Dismiss are GRANTED and Plaintiffs' Motion to Amend is DENIED.

Defendants removed Plaintiffs' Complaint from Pulaski County Circuit Court to this Court on December 6, 2010, based on 28 U.S.C. §1331. Plaintiffs allege three counts in their Complaint. Count I alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"). Count II alleges a violation of a state law claim of conversion and a federal claim of slander under the Fair Credit Reporting Act[1]("FCRA"). Count III brings claims for violation of the FDCPA, fraud, and breach of contract on behalf of a class. In response to Plaintiffs' Complaint,

---

[1] In Count II, Plaintiffs claim a violation of the Fair Credit Reporting Act, the abbreviation following the name of the Act is "FDCPA" which is associated with the Fair Debt Collection Practice Act. The court will assume this is a typing error and that the claim is a violation of the Fair Credit Reporting Act.

1

the Defendants have filed Motions to Dismiss under Federal Rule Civil Procedure 12(b)(6).

## I.   STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a plaintiff must plead facts that give rise to some legal relief. All that is required is "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotes and citations are omitted).

In this case, both Motions to Dismiss challenge Plaintiffs' Complaint for failure to plead facts sufficient to give the Defendants fair notice of the claims against them and for pleading only speculative facts and legal conclusion. In consideration of these challenges, the Court will look to all documents attached to the Complaint. *See M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872 (8th Cir. 2010) (citing Fed. R. Civ. P. 10(c) and *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)).

## II.  COUNT I

In Count I of the Complaint, Plaintiffs allege the Defendants, collectively, violated the FDCPA. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. *See* 15 U.S.C. §1692(e). A violation of the FDCPA requires, at a minimum, that the

defendant be a debt collector who is engaged in debt collection practices that are prohibited by the Act. Plaintiffs contend that all of the Defendants are debt collectors within the meaning of the Act, that all of the Defendants were engaged in debt collection practices, and that those practices violated the FDCPA.

### A. FEDERAL CLAIM AGAINST WELLS FARGO

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The definition of debt collector specifically excludes persons collecting or attempting to collect a debt owed or due if the debt was not in default when that person obtained the debt. *See* 15 U.S.C. §1692a(6)(F). Although Plaintiffs allege that Well Fargo is a debt collector, there are no facts pled that support this allegation. Plaintiffs do not allege that Wells Fargo is in business for the principal purpose of collecting debts; rather, the Complaint states that Wilson was retained to collect the debt on behalf of Wells Fargo. (Compl. Ex. A).

"A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (internal quotation and citation omitted). A creditor is defined as a person who is owed a debt, excepting only those who are owed a debt arising out of a transfer or assignment of the debt after default for the purpose of collecting the debt for another. 15 U.S.C. §1692a(4). The facts alleged by the Plaintiff are that Wells Fargo is owed a debt that was assigned prior to default. Therefore, Wells Fargo falls within the Act's definition of creditor and cannot be held

liable under the FDCPA.

Plaintiffs have filed a copy of a Foreclosure Complaint, which was filed against Plaintiffs in the Circuit Court of Pulaski County, as an exhibit to their Motion to Amend (Doc. #24). The Foreclosure Complaint states that Wells Fargo is the current owner of Plaintiffs' mortgage note, that Wells Fargo was properly assigned the note, and that Plaintiffs defaulted on the mortgage after the assignment. *See id* at Attach. #3 at 6-8. Not only do Plaintiffs fail to plead facts that indicate that Wells Fargo is a debt collector, or in the alternative a creditor who was assigned the debt after default, but they pled facts that substantiate the opposite conclusion.

The Court finds that Plaintiffs have failed to state sufficient facts to establish that Wells Fargo is a debt collector under the FDCPA, or a creditor who was assigned a debt after default. Therefore, the Complaint fails to state a FDCPA claim against Well Fargo.

**B.     FEDERAL CLAIM AGAINST WILSON**

Wilson does not dispute Plaintiffs' allegation that it is a debt collector. Therefore, Plaintiffs' claim must be supported by facts establishing that, in the practice of collecting debts, Wilson violated the FDCPA.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. §1692e. The allegation against Wilson is that they made "misrepresentations to the Plaintiffs about the nature and amount of the debt in question..." (Compl. at 2). The crux of Plaintiffs' argument is that Wilson charged Plaintiffs legal fees that Wilson never earned. This allegation is based on a pay-off letter sent by Wilson to Katrina Riggs on November 23, 2009 (the "pay-off letter"). The pay-off letter, which is attached to Plaintiffs' Complaint, itemizes the total amount owed to Wells Fargo. The items

include the principal indebtedness, foreclosure attorney fees, prior attorney fees, unpaid attorney fees, and other fees and interest.  Plaintiffs claim that the pay-off letter is misleading because it charges Plaintiffs attorney's fees that were never incurred by Wells Fargo.

A debt collector is permitted to collect only amounts authorized under the instrument creating the debt or permitted by law; however, even if the collection is authorized by the instrument, a debt collector must not falsely represent the character, amount, or legal status of the debt.  *See* 15 U.S.C. §§1692f(1) and e(2).  Here, the instrument creating the debt is not attached, or incorporated, in the pleadings.  However, Plaintiffs do not allege that the attorney's fees charged are not authorized by the terms of the mortgage note.  Further, a November 4, 2009 letter attached to the Complaint references the debt instrument, and states that by its terms the lender is entitled to collect all expenses of foreclosure including attorney's fees.

Even though the collection of the fees may be valid, the amount quoted in the pay-off letter must be an accurate representation of the amount owed by the debtor.  15 U.S.C. §1692e(2). Plaintiffs' allegations and the documents attached to the Complaint, do not establish a false representation of the amount of the debt.  The itemized list of charges in the pay-off letter states the amount owed as of November 25, 2009.  A plain reading of the pay-off letter indicates that the amount listed was the current amount of the principal plus specific add-on expenses that were incurred by Wells Fargo in the collection of the debt owed to them.  As to these add-on expenses, the pay-off letter states that if payment of the total amount as of November 25, 2009 is received "prior to actually incurring any of the referenced fees or costs, any overage will be refunded to [the Plaintiff] within seven business days."  (Compl. Ex. A). Further, Plaintiffs state in their Brief in Support of their Motion to Amend (#25), that Wilson returned the overage fees as promised in

the pay-off letter. Plaintiffs have not pled facts to support their claim that Wilson misrepresented the amount and nature of the debt in question.

The Court finds that Plaintiffs have failed to plead sufficient facts to state a FDCPA claim against Wilson.

**III.  COUNT II**

In Count II, Plaintiffs allege a violation of the FCRA. However, in their Motion to Amend, Plaintiffs have withdrawn this claim. Thus, the merits of this claim will not be addressed by the Court.

Count II also includes state law claims for fraud, conversion, and breach of contract. The Court declines to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. §1367(c).

**IV.  COUNT III**

Count III alleges, on behalf of the class, that Defendants violated the FDCPA. A prerequisite of a class action is that a member of the class sue as representative of the class members. *See* Fed. R. Civ. P. 23(a). Because Plaintiffs have failed to state a claim against Wells Fargo and Wilson, they are no longer members of the putative class. *See Telco Group, Inc. v. Ameritrade, Inc.* 552 F.3d 893, 894 (8th Cir. 2009). "Without a class representative, the [putative] class cannot be certified." *Id.* (quoting *Great Rivers Co-op. v. Farmland Ind., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997)).

**V.  AMENDMENTS TO THE PLAINTIFFS' COMPLAINT ARE FUTILE**

Leave to amend will be denied if the proposed amended pleading would be futile. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004).

Plaintiffs propose two amendments to their original Complaint. The first amendment is a claim of fraud or deceit under a theory of *respondeat superior*. The second amendment adds a claim of conspiracy based upon Defendants' alleged conversion of the promissory note. The Court declined to exercise supplemental jurisdiction over the state law claims in the original Complaint, and would decline to address the additional state law claims in an amended Complaint.

Moreover, Plaintiffs do not provide additional allegations to support their claims against Wells Fargo or Wilson resulting in the amendments not altering the conclusion that Wells Fargo is a creditor, and therefore, not liable under the FDCPA, and that Wilson did not falsely represent the amount of the pay-off debt.

The amendments do not remedy the deficiencies in the original Compliant, and are therefore futile. Plaintiffs' Motion to Amend is denied.

## VI. CONCLUSION

Plaintiffs' federal claims against Wells Fargo and Wilson are dismissed with prejudice for failure to state a claim. Plaintiffs' state law claims and the claims on behalf of the putative class are remanded to state court. *See Ali v. Ramsdell*, 423 F.3d 810, 812 (8th Cir. 2005) (concluding that if the federal claims were dismissed on the merits, then the district court has discretion to remand the pendent state law claims). The Clerk of the Court is directed to send a certified copy of this Order along with the file to the Circuit Court of Pulaski County, Arkansas, forthwith.

Judgment will be entered accordingly.

IT IS SO ORDERED THIS __19__ day of ____April____, 2011.

James M. Moody
United States District Court Judge